UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WARREN J. JOHNSON** | **CIVIL ACTION** |
| **V.** | **No. 2:13-cv-01253** |
| **CROSBY TUGS, L.L.C.** | **SECTION: "C"** |

## ORDER AND REASONS[1]

Before this Court is defendant's, Crosby Tugs, LLC, motion in limine. Rec. Doc. 34. Plaintiff, Warren Johnson, opposes this motion. Rec. Doc. 50. Having considered the record, the memoranda of counsel, and the law, the Court DENIES defendant's motion in limine.

## LAW AND ANALYSIS

Defendant moved to exclude the testimony of Captain Harris Dufren, Jr., arguing that it does not meet the requirements of Federal Rule of Evidence 403, which provides that, "The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Because this Rule deals with the exclusion of "relevant evidence," it should be applied sparingly. *United States v. Morris*, 79 F.3d 409, 412 (5th Cir. 1996).

Defendant argues that Capt. Dufren's testimony "regarding the general operation of the M/V Lindberg Crosby would be duplicative and cumulative of the testimony of Capt. Don Necaise, the relief captain who was on watch at the time of the incident and whom the Plaintiff has identified as a 'will call' witness." Rec. Doc. 34-1 at 1. Plaintiff argues that Capt. Dufren's testimony is important to establish defendant's negligence, as Capt. Dufren is apparently

---

[1] William Simoneaux, a second year law student at NYU School of Law assisted in preparing this order and reasons.

1

unfamiliar with the type of work involved in plaintiff's accident, despite being "Master" of the vessel on the day in question. Rec. Doc. 50 at 2-5. Capt. Dufren's testimony on this matter would therefore not be "cumulative" of Capt. Necaise's because it does not regard the "general operation" of the vessel but rather deals with Capt. Dufren's subjective level of knowledge about the type of work that occurs there.

Defendant also argues that Capt. Dufren's testimony lacks "probative value," and is a "waste of the jury's time because [Capt. Dufren] has no direct testimony to offer regarding this matter . . . ." Rec. Doc. 34-1 at 1. Plaintiff responded that the Captain's testimony "is highly probative in that it shows that Crosby's own Captain does not even know how to do the job, and, thus, could not even properly guide his crew on how to do it." Rec. Doc. 50 at 6. The Captain testified in his deposition that his duties include inspecting the work area and making sure equipment is in proper working order, and that he was the "master of the vessel" at the time of the incident. Rec. Doc. 51-1 at 8, 29. Capt. Dufren also testified that he has had little personal experience with or knowledge of the type of work the plaintiff was doing at the time of the accident. Rec. Doc. 51-1 at 15-20. Lastly, Dufren testified that no one was charged with inspecting the lines that were being cut when the plaintiff was injured. As the plaintiff has made clear, this testimony is relevant to establishing the defendant's negligence, meaning it has "probative value" that outweighs any risk of wasting the jury's time.

Accordingly,

IT IS ORDERED that defendant's Motion in Limine to Exclude Testimony of Plaintiff's Witness, Captain Harris Dufren, Jr., is DENIED.

New Orleans, Louisiana this 6th day of August, 2014.

_____
**HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE**