UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **WARREN J. JOHNSON** | **CIVIL ACTION NO. 13-cv-1253** |
| **VERSUS** | **SECTION "C"** |
| **CROSBY TUGS, L.L.C.** | **HON. HELEN BERRIGAN** |

### Order and Reasons

Before the Court is defendant's Motion in Limine to exclude evidence and testimony. Rec. Doc. 83. Having considered the facts, the memoranda of counsel, and the law, the Court rules as follows.

### Law and Analysis

1. *Evidence of future medical procedures or expenses*

Defendant, Crosby Tugs, LLC ("Crosby"), moves for plaintiff, Warren Johnson ("Johnson"), to be barred from putting on evidence of any future medical procedures or expenses. Specifically, Crosby claims that the testimony of Dr. John Kosko ("Kosko") on the likelihood of Johnson needing future surgery does not meet the standard for testimony on future medical procedures and expenses. Rec. Doc. 83-1 at 1. When asked during his deposition whether Johnson would be likely to require future surgery, Kosko answered, "I think that he will

definitely progress to a more significant ankle arthiritis. Whether or not it causes him enough pain to warrant additional surgery, I don't know that anyone could guess that." Rec. Doc. 88-2 According to Crosby, Kosko's testimony regarding the likelihood of future surgery should be excluded because it does not establish that "future medical expenses will more probably than not be incurred." *Id*. In response, plaintiff acknowledges that the testimony may not be sufficient for the jury to determine an award for future medical expenses, but is relevant to "the serious nature of plaintiff's injury, his prognosis and his total damages." Rec. Doc. 88 at 2.

The Court denies Crosby's request to exclude evidence of future medical procedures or expenses. First, the request is overbroad. Crosby asks the Court to exclude all evidence of *any* future medical procedures or expenses, but points to only one piece of testimony on the possibility of additional surgery as being insufficient. The Court finds that the potential shortcomings of one piece of testimony should not preclude all evidence of future medical expenses. Second, Crosby cites the evidentiary standard for awarding for future medical expenses to argue that Kosko's testimony should be excluded entirely. *See Boudreaux v. Ace American Ins. Co.*, 2013 WL 1288633, Civ. A. 11-1213, *3 (E.D. La. 3/26/2013) ("The proper standard for determining whether a plaintiff is entitled to future medical expenses is proof by a preponderance of the evidence that the future medical expense will be medically necessary.") Defendant does not challenge the admissibility of Kosko's testimony, instead arguing that Kosko's testimony on its own may be insufficient to support a jury award for future medical expenses. Thus, the Court DENIES the motion in limine to exclude Kosko's testimony on the likelihood of future surgery.

   2. *Testimony regarding towing bridle*

Crosby next moves for the exclusion of testimony regarding what the towing bridle on the barge APACHE looked like or where Johnson was standing when the incident at issue in this case occurred. Rec. Doc. 83-1 at 2. Crosby argues that only Johnson has direct knowledge of what the bridle looked like when he went onto the bow of the barge, and others should be barred from speculating as to the configuration of the bridle. *Id*. The Court agrees. Federal Rule of Evidence 602 stipulates that witnesses may testify only on matters of which they can prove they have personal knowledge. Thus, witnesses who did not personally observe what the bridle looked like when Johnson stepped onto the bow of the barge will not be permitted to testify about the configuration of the bridle.

Johnson states that the captains and deckhand who may be called as witnesses are "highly experienced" and therefore should be permitted to testify on the "general configuration of a towing bridle and what it should have looked like; how it should have been secured; and where one should properly be standing when the towing bridle is released." Rec. Doc. 88 at 2. Presumably, such testimony may be admitted if it qualifies as a habit or routine practice pursuant Fed. R. Evid. 406. Accordingly, all testimony regarding the configuration of the towing bridle prior to the accident from any witness except for Johnson will be excluded, unless it can be shown that the testimony pertains to a habit or routine practice admissible under Fed. R. Evid. 406.

   3. Comment by Capt. Harris Dufren

Finally, Crosby moves for the exclusion of an utterance by Captain Harris Dufren in which he stated, "You know, shit happens" when questioned by Johnson's counsel. Rec. Doc.

83-1 at 3. Crosby argues that the remark would be prejudicial and should be excluded under Fed. R. Evid. 403. However, Crosby offers no rationale as to why this remark would be unfairly prejudicial. The Court agrees with Johnson that the remark is relevant in determining whether there was a safe place to stand on board at the time of the accident. Accordingly, the motion is DENIED as to this request.

Accordingly,

IT IS ORDERED that defendant's Motion in Limine is GRANTED IN PART AND DENIED IN PART.

New Orleans, Louisiana this 20th day of February 2015.

                                                      HELEN G. BERRIGAN
                                               UNITED STATES DISTRICT JUDGE